**UNITED TRANSPORTATION UNION, Appellant,**

v.

**NORFOLK & WESTERN RAILWAY COMPANY, Appellee.**

No. 84–1728.

United States Court of Appeals, Fourth Circuit.

Argued Jan. 8, 1985.

Decided Feb. 14, 1985.

Pamela D. Walker, Little Rock, Ark. (Norton N. Newborn; Norton N. Newborn, Co., L.P.A., Beachwood, Ohio, Ilana Horowitz, Cleveland, Ohio, on brief), for appellant.

William C. Beatty, Huntington, W.Va. (Huddleston, Bolen, Beatty, Porter & Copen, Huntington, W.Va., on brief), for appellee.

Before WIDENER, SPROUSE and ERVIN, Circuit Judges.

SPROUSE, Circuit Judge:

This appeal involves an action brought by the United Transportation Union pursuant to the Railway Labor Act, 45 U.S.C. § 153 (1982), for enforcement of an award of a public law board made after arbitration pursuant to the Act. The Norfolk and Western Railway (N & W) had honored the award according to its interpretation by paying all claims arbitrated and similar claims pending at the time of arbitration. The union contends that the award should be interpreted more broadly to apply prospectively and enforced to dispose of future grievances arising after the arbitration proceedings. The district court granted the N & W's motion for summary judgment, refusing to enforce the award in that manner. We affirm.

The underlying dispute between the union and the N & W involves work assignments after the Virginian Railway merged into the N & W in 1959. In anticipation of the merger, the union and the N & W agreed to allocate certain train runs between former Virginian Railway crews and N & W crews. In 1972 the railway unsuccessfully sought to negotiate changes in this agreement. The matter was ultimately submitted to arbitration before Special Adjustment Board 820 which issued an award on July 1, 1974, arguably cancelling that agreement. Nonetheless, by 1980 numerous disputes had arisen between the union and the N & W over the allocation of work assignments between former Virginian and N & W crews, and the union was pressing over sixty "time" claims for compensation for wages lost due to allegedly improper assignments. The N & W maintained that the Board 820 award had cancelled the pre-merger agreement's allocation. The union and the N & W then agreed to submit to arbitration the compen-

sation claims arising from two specific incidents. Public Law Board 2579 sustained the union's position as to these claims and awarded the employees involved pay for specific runs improperly assigned. The N & W thereafter paid the arbitrated claims as well as the remaining time claims existing at the time the matter was submitted to arbitration. After the Public Law Board 2579 arbitration award, however, similar claims by union members arose, but the N & W refused compensation, referring to its panel member's dissent to the Board 2579 award:

> The Carrier will not accept the award as having any precedential value and will continue to operate in the same manner as it did following the 1974 Award of Special Board of Adjustment 820.

The union contended that the Board 2579 award should apply prospectively to require the N & W to satisfy the similar time claims arising after that award, and sought an injunction to that effect in the district court. The district court, holding that the issue of the precedential effect of the award was itself arbitrable, refused to decide the question and granted the N & W's motion for summary judgment.

We agree. In submitting the underlying issues to Public Law Board 2579, the union indicated only that the matter involved time claims for pay arising from two specific instances of improper work assignments. There was no request for an interpretation or application of the agreement beyond those specific claims. The district court, in granting summary judgment for the N & W, properly ruled that the question of whether the Board 2579 award had precedential value and controlled similar future claims was an arbitrable question. *Little Six Corp. v. United Mine Workers*, 701 F.2d 26 (4th Cir.1983).

Contract grievances in the railroad industry such as the one involved in the instant appeal are subject to the exclusive arbitration jurisdiction of the public law board established under section 3, second, of the Act, 45 U.S.C. § 153. *Gunther v. San Diego & A.E.R. Co.*, 382 U.S. 257, 263–64, 86 S.Ct. 368, 371–72, 15 L.Ed.2d 308 (1965); *Brotherhood of Locomotive Engrs. v. Louisville & N.R. Co.*, 373 U.S. 33, 38, 83 S.Ct. 1059, 1062, 10 L.Ed.2d 172 (1963); *Trainmen v. Chicago R. & I.R. Co.*, 353 U.S. 30, 77 S.Ct. 635, 1 L.Ed.2d 622 (1957). We feel that the Act in this regard expresses the same policy that Congress imposed under section 301 of the National Labor Relations Act[1] as interpreted by the so-called Steel Workers Trilogy[2]—the policy of encouraging resolution of labor disputes by arbitration rather than by federal courts. *Eastern Airlines, Inc. v. Transport Workers Union, AFL–CIO Local 553*, 580 F.2d 169 (5th Cir.1978).

The judgment of the district court is affirmed.

AFFIRMED.

---

1. 29 U.S.C. § 185 (1982).

2. *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960); *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); *United Steelworkers of America v. American Manufacturing Co.*, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960).